JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Paul Moore

## DEFENDANTS
Mingqing Chen, et al.,

**(b)** County of Residence of First Listed Plaintiff: Pinellas County, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Queens County, NY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Simon & Simon, PC
1818 Market St., Suite 2000 Philadelphia, PA 19103
MarcSimon@Simonpc.com, (215) 467-4666

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1391(a) (1) and (2)
Brief description of cause:
Motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER:

DATE: 10/20/2020
SIGNATURE OF ATTORNEY OF RECORD: *Marc Simon*

**FOR OFFICE USE ONLY**

RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE

## UNITED STATES DISTRICT COURT FOR THE
## FEDERAL DISTRICT OF NEW JERSEY

| | |
|---|---|
| Paul Moore : | |
| 9662 Tara Cay Ct. : | |
| Seminole, FL 33776 : | |
|            Plaintiff : | |
| v. : | No._____ |
| : | |
| Mingqing Chen : | |
|  12126 6th Ave. : | |
| College Point, NY 11356 : | |
|            And : | |
| Lyft, Inc. : | |
| 185 Berry St., Suite 5000 : | JURY TRIAL DEMANDED |
| San Francisco, CA 94107 : | |
|            Defendants : | |

## COMPLAINT

### PARTIES

1. Plaintiff, Paul Moore, is a citizen and resident of the State of Florida, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Migqing Chen, is a resident of the State of New York, residing at the address listed in the caption of this Complaint.

3. Upon information and belief, Defendant, Lyft, Inc., is a business entity of the State of California, with a business address listed in the caption of this Complaint.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and subject matter of this Civil Action.

5. The amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

6. 28 U.S.C. §1332(a)(1) states that "the district courts shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

7. This court thus has original jurisdiction over this matter pursuant to the aforementioned Section 1332(a)(1).

8. 28 U.S.C. § 1391(a) (1) and (2) states, "(1) this section shall govern the venue of all civil actions brought in district courts of the United States; and (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature."

9. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2).

10. 28 U.S.C. § 1391(b) (2) states, "A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

11. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b) (2) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred; i.e., the accident at issue occurred in Cape May County, New Jersey, which is in this federal judicial district.

12. On or about March 2, 2019, at approximately 4:00 a.m., Plaintiff, was the passenger of a motor vehicle, operated by Defendant. Mingqing Chen, owned by Defendant, Lyft, Inc., which was traveling on I-95, near exit 8A, in Monroe Township, NJ.

13. At or about the same date and time, Defendant's vehicle was involved in a motor vehicle collision, while the Plaintiff was a passenger.

14. The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his/her vehicle in such a manner so as to crash the vehicle, while Plaintiff was a passenger.

15. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiff.

16. As a result of the accident, Plaintiff suffered serious, severe and permanent bodily injuries, including swelling/ringing in both ears and head, slight hearing loss and bruising down the side of the body, as set forth more fully below.

## COUNT I
## Paul Moore v. Mingqing Chen
## Negligence

17. The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but is not limited to, the following:

   a. Operating vehicle, in which Plaintiff was a passenger, in a negligent manner while it was snowing, losing control of the vehicle and crashing;

   b. Operating his/her vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating his vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiff or others;

   e. Failing to have his vehicle under proper and adequate control;

   f. Operating his vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Violation of the "assured clear distance ahead" rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking Plaintiff's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

s. Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

     t.  Failing to operate his/her vehicle in compliance with the applicable laws and ordinances of the State of New Jersey pertaining to the operation and control of motor vehicles;

18. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including swelling/ringing in both ears and head, slight hearing loss and bruising down the side of the body, all to Plaintiff's great loss and detriment.

19. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

20. As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

21. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to his/her personal property, all to Plaintiff's great loss and detriment.

22. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

23. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Paul Moore, prays for judgment in her favor and against Defendant, Mingqing Chen, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

### COUNT II
### Paul Moore v. Lyft, Inc.
### Negligent Entrustment

24. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

25. The negligence and/or carelessness of Defendant, Lyft, Inc., which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

   a. Permitting Defendant, Mingqing Chen, to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

   b. Permitting Defendant, Mingqing Chen to operate the motor vehicle when Defendant, Lyft, Inc., knew, or in the exercise of due care and diligence, should have known that Defendant, Mingqing Chen, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, Lyft, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Mingqing Chen's negligent operation of the motor vehicle

26. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily

function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries including swelling/ringing in both ears and head, slight hearing loss and bruising down the side of the body, all to Plaintiff's great loss and detriment.

27. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

28. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

29. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, all to Plaintiff's great loss and detriment.

30. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

31. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by law, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Paul Moore, prays for judgment in Plaintiff's favor and against Defendant, Lyft, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT III**
**Paul Moore v. Lyft, Inc.**
**Respondeat Superior**

32. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

33. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consist of, but is not limited to:

 a. Operating vehicle, in which Plaintiff was a passenger, in a negligent manner while it was snowing, losing control of the vehicle and crashing;

 b. Operating his vehicle into Plaintiff's lane of travel;

 c. Failing to maintain proper distance between vehicles;

 d. Operating said vehicle in a negligent manner so as to strike Plaintiff's vehicle;

 e. Failing to have said vehicle under proper and adequate control;

 f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

 g. Violation of the assured clear distance rule;

 h. Failure to keep a proper lookout;

 i. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff and/or Plaintiff's vehicle;

 j. Being inattentive to his duties as an operator of a motor vehicle;

 k. Disregarding traffic lanes, patterns, and other devices;

   l. Driving at a dangerously high rate of speed for conditions;

   m. Failing to remain continually alert while operating said vehicle;

   n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

   o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

   p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

   q. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

   r. Continuing to operate the vehicle in a direction towards the Plaintiff's and/or co-defendants' vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

   s. Driving too fast for conditions;

   t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of New Jersey, pertaining to the operation and control of motor vehicles

  34. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries including

swelling/ringing in both ears and head, slight hearing loss and bruising down the side of the body, all to Plaintiff's great loss and detriment.

35. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

36. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

37. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to her personal property, all to Plaintiff's great loss and detriment.

38. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

39. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by law for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Paul Moore, demands judgment in Plaintiff's favor and against Defendant, Lyft, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

                                          SIMON & SIMON, P.C.

BY: *Marc Simon*
                                       Marc I. Simon, Esquire